John A. Conkle (SB# 117849)
*j.conkle@conklelaw.com*
Raef J. Cogan (SB# 317060)
*r.cogan@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendant Global Mail, Inc.
dba DHL eCOMMERCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KRYSTAL WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DHL EXPRESS (USA), INC. dba DHL ECOMMERCE, a corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>LASC Case No.: 21STCV25112<br><br>LASC Action Filed: July 8. 2021 |

Pursuant to 28 U.S.C. §§ §§ 1332, 1441 and 1446, Defendant Global Mail, Inc. dba DHL eCommerce (improperly identified as "DHL Express (USA), Inc." in the Complaint) gives notice that it is removing Civil Action No. 21STCV25112, now pending against DHL in the State of California, County of Los Angeles. The grounds for removal are as follows:

1. On July 8, 2021, Plaintiff Krystal Walker ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, a copy of which is attached as Exhibit A.

2. DHL was served with the Complaint on or about July 15, 2021. A copy of the Summons is attached as Exhibit B.

3. Civil Action No. 21STCV25112 is currently pending in the Superior Court of California for the County of Los Angeles.

4. The attached documents represent all service of process, pleadings, and other documents served upon DHL in this action as required by 28 U.S.C. § 1446(a).

5. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on DHL, it is timely under 28 U.S.C. § 1446(b).

6. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, on the basis of diversity of citizenship of the parties, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

7. Plaintiff Krystal Walker is a resident of the state of California.

8. DHL is a corporation that is incorporated in the state of Ohio, with its principal place of business in the state of Florida.

9. A complaint filed in California court only requires the Plaintiff to indicate whether the Plaintiff seeks an unlimited (excess of $25,000.00) or limited ($25,000.00 or less) amount in damages. Plaintiff Krystal Walker seeks unlimited damages in the present case. (Ex. A, Civil Cover Sheet).

10. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). District Courts are permitted to consider whether the *amount in controversy is facially apparent from the complaint. Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006), quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

11. Plaintiff's Complaint includes claims for Racial Discrimination (Cal. Gov. Code § 12940(A)); Racial Harassment (Cal. Gov. Code § 12940(J)); Failure to Prevent Discrimination, Harassment or Retaliation (Cal. Gov. Code § 12940(K)); Retaliation in Violation of Cal. Gov. Code § 12940(h)); Retaliation for Use of Accrued Sick Leave (Cal. Lab. Code §§ 233, 234, 245.5)); Wrongful Discharge in Violation of Public Policy (Cal. Gov. Code §§ 12940 *et seq*.); and Failure to Provide Personnel File (Cal. Gov. Code § 1198.5). (Ex. A, p. 6).

12. Plaintiff seeks relief in the form of statutory and compensatory damages, including but not limited to, lost earnings and other benefits of employment, and emotional distress. (Ex. A, Prayer for Relief). Plaintiff also seeks relief in the form of statutory attorney's fees and pre-judgment interest. (Ex. A, Prayer for Relief).

13. California District Courts have found that a complaint asserting these types of claims and seeking this type of relief seeks damages in excess of $75,000.00. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002).

14. Given the nature and number of Plaintiff's claims, and her demand for lost earnings and other benefits of employment, emotional distress damages, statutory attorney's fees and pre-judgment interest, the Complaint seeks damages in excess of $75,000.00.

15. Venue for this removal action is proper before this Court pursuant to 28 U.S.C. § 1441(a) because this is the Court for the district and division embracing the place where the state court action is pending.

16. Promptly upon filing this Notice of Removal with the Court, DHL will provide written notice of this removal to Plaintiff and will also file a copy of the notice with the Clerk of the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, DHL respectfully gives notice that this action is removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court, Central District of California.

Dated: August 12, 2021

John A. Conkle
Raef J. Cogan, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: */s/ John A. Conkle*
John A. Conkle
Attorneys for Defendant Global Mail, Inc.
dba DHL eCOMMERCE

# EXHIBIT A

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michelle Williams Court

Zein E. Obagi, Jr. (State Bar No. 264139)
Hee J. Kim, Of Counsel (State Bar No. 275010)
Yahir A. Barragan (State Bar No. 332801)
**OBAGI LAW GROUP, P.C.**
811 Wilshire Blvd., Suite 1721
Los Angeles, CA 90017
Telephone: (424) 284-2401
Facsimile: (424) 204-0719

Attorneys for Plaintiff
KRYSTAL WALKER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

KRYSTAL WALKER, an individual,

Plaintiff,

v.

DHL EXPRESS (USA), INC. dba DHL ECOMMERCE, a corporation; and DOES 1 to 50, inclusive,

Defendants.

Case No.: 21STCV25112

**COMPLAINT FOR:**

1. **RACIAL DISCRIMINATION (CAL. GOV. CODE § 12940(A))**
2. **RACIAL HARASSMENT (CAL. GOV. CODE § 12940(J))**
3. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT OR RETALIATION (CAL. GOV. CODE § 12940(K))**
4. **RETALIATION IN VIOLATION OF CAL. GOV. CODE § 12940(h)**
5. **RETALIATION FOR USE OF ACCRUED SICK LEAVE (LAB. CODE §§ 233, 234, 246.5)**
6. **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (CAL. GOV. CODE § 12940 et seq.)**
7. **FAILURE TO PROVIDE PERSONNEL FILE (CAL. GOV. CODE § 1198.5).**

OBAGI LAW GROUP, P.C. — ATTORNEYS AT LAW

**8. FAILURE TO PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENTS (LAB. CODE § 226)**

**UNLIMITED JURISDICTION**

**DEMAND FOR JURY TRIAL**

Plaintiff Krystal Walker hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This employment and wrongful discharge action arises out of the unlawful activities to which Plaintiff Krystal Walker has been subject to during her employment with Defendant DHL Express (USA), Inc. doing business as DHL eCommerce, including Defendant's discrimination and harassment of Plaintiff on the basis of her race, retaliation, and resulting constructive discharge from the employ of Defendant.

## II. PARTIES

2. Plaintiff **Krystal Walker**, is and, at all relevant times was, an individual residing in the State of California, County of Los Angeles.

3. Defendant **DHL Express (USA), Inc. dba DHL eCommerce**, is, and at all relevant times was, a public entity, providing both domestic and foreign shipping and logistical services in the County of Los Angeles, in the State of California.

4. Plaintiff is currently unaware of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by those defendants. Each reference in this complaint to "Defendant" or "Defendants," or a specifically named Defendant, refers also to all defendants sued under fictitious names.

5. At all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, was the agent and/or employee of each of the



OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of his/her/its agency and/or employment.

## III. JURISDICTION AND VENUE

6. The Superior Court of California, for the County of Los Angeles has jurisdiction over this matter and is the correct venue for this action because the employment complained of in this complaint was commenced in the County of Los Angeles.

7. Defendant is present in the in the County of Los Angeles, transacts business there, has an agent or agents within the County of Los Angeles, or are otherwise found within the County of Los Angeles.

8. The amount of damages alleged in this controversy falls within the unlimited jurisdiction of this court.

## IV. ADMINISTRATIVE PREREQUISITES

9. Plaintiff has timely filed a complaint with the Department of Fair Employment and Housing and obtained a Right to Sue Letter. Plaintiff has exhausted administrative prerequisites to sue.

## V. GENERAL ALLEGATIONS

### A. Ms. Walker's employment with DHL

10. Ms. Walker began working for DHL on October 16, 2020.

11. DHL employed Ms. Walker was at its Whittier, CA location, initially as a domestic sorter, and then trained her to become a clerk.

12. DHL provides international and domestic standard parcel delivery for business customers and operates at various locations in Los Angeles County, California among other counties, states and countries globally.

13. As part of her job duties, Ms. Walker stayed in constant communication with dispatch, ensured the weight of freight trucks was known, prepared order forms, created nightly reports for mail shipments, prepared mail to be shipped, and more. In essence, Ms. Walker was willing and able to perform any task asked of her, with the exception of driving a forklift, which she is not certified or authorized to do under applicable OSHA regulations.



OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

14. Ms. Walker performed her job duties with the utmost professionalism and diligence, as evidenced by her quick ascent from a domestic sorter to clerk.

**B. DHL subjected Walker to racially-motivated hostility and disparate treatment**

15. On or about January 2021, Ms. Walker was asked to train a Latina colleague, Samantha Rodriguez in the performance of clerical work.

16. Soon after, Rodriguez was expected to begin assisting with clerical duties. But, instead, Ms. Walker found herself performing most of the tasks, as Rodriguez simply leisurely sat to the side and observed or sat idly.

17. Ms. Walker's supervisors, Aaron, who is Latino, and Mike Segura, tolerated Rodriguez's lack of work contribution. Though, he repeatedly harassed Ms. Walker whenever she did something that he perceived as unproductive, such as going to get a refill of packing tape to complete one of her tasks, he never criticized Rodriguez when she was patently, and very obviously not working.

18. Often, Aaron and Rodriguez spoke Spanish in front of Ms. Walker, visibly joked, laughed and walked away. Ms. Walker, as a non-Spanish speaker, was unaware of what they said but their behavior often made her feel uncomfortable, excluded and humiliated.

19. On one occasion, Ms. Walker understood their disparaging and racially-hostile remarks. Referring to Walker, Rodriguez said words to Segura to the effect of "Jamaicans are 'mayate'." Ms. Walker, as a Jamaican, black woman, knew this was about her. Upon information and belief, a 'mayate' is a disparaging word used to compare the race of people to a large, black, beetle, which was considered a destructive pest in Mexico and South America. In Spanish slang, the term it is often the equivalent of the "N" word in English.

**C. Ms. Walker made human resources aware of the discrimination she faced while at work**

20. On February 22, 2021, Ms. Walker complained via email to Alma Smith and Roxanne Acejo of human resources. The subject of her email was "discrimination" and she detailed that for weeks she had experienced and immense amount of discrimination,



OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

explained the situation, and highlighted that part of that discrimination was stemming from an outbound supervisor.

21. Human resources stated that there would be in investigation. Ms. Walker is unaware to the extent of any investigation, or if any even occurred.

22. While Ms. Walker had complained about her supervisors, there was a meeting conducted with Ms. Walker and two other associates about the situation, that pitted them all against one another and exacerbated rather than alleviated the hostility that Walker felt there at DHL. While Ms. Walker had made a complaint about her supervisor Segura, it was actually Segura who was leading this meeting. Segura failed to address the issues that Ms. Walker had raised and evaded questions the ongoing situation, particularly questions related to the lack of reprimand against Rodriguez.

23. On or about March 25, 2021, Walker personally met with Ms. Acejo about the fact that the racial-hostility and Latino-click at work was abating. Acejo did not provide additional guidance to Ms. Walker, but told her that the investigation was ongoing.

24. On April 12, 2021, Ms. Walker emailed Acejo and highlighted the fact that the discrimination she experienced was racial in nature. She identified the following:

a. She was continually nit-picked;

b. Others were given less work than she was;

c. The rotation that was promised five weeks prior to ensure fairness in workload was never implemented;

d. Black or African American women in the outbound parcel department were not given equal access to necessary paperwork essential for processing those parcels;

e. There was a lack of training for other roles or positions offered to Black or African American women.

25. For example, on at least one occasion, when mail needed to be taken from a freight truck, DHL managers required Ms. Walker, a 5’2” woman, to do it by herself. At

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

the time, there were other bigger built men who were available to help with the heavy job. Ms. Walker felt like she was being punished, retaliated against and coaxed to quit.

26. Nonetheless, Walker stayed tried and true to her employment duties. Despite her steadfast work ethic, DHL continually caused Ms. Walker to perform more work, and expected that she deliver more work than her counterparts.

27. On or about mid-April, Ms. Walker personally met with the other human resources representative she had emailed regarding her concerns, Alma Smith, in hopes to assuage and resolve the discrimination and hostility Ms. Walker experienced. Smith did not address any of the racial discrimination issues Ms. Walker had raised. Instead, Smith was focused on providing Ms. Walker with appropriate computer access.

**D. DHL retaliated against Ms. Walker after she made discrimination complaints to human resources**

28. Prior to making any complaints to human resources, Ms. Walker had not received any negative performance reviews or written write-ups.

29. For the first time, after she made several complaints to Human Resources regarding the repeated harassing conduct she endured there, DHL issued a written performance review of Ms. Walker. In it, her superiors described her performance in that review as "poor".

30. Moreover, Ms. Walker received two written "Corrective Action Forms" by her outgoing supervisor, Mike Segura. On March 29, 2021, Ms. Walker received a warning, for something that occurred on February 9, 2021, a date prior to Ms. Walker's first written complaint to human resources. The warning was based on Ms. Walker being tardy to work.

31. Only three weeks later, on April 16, 2021, Ms. Walker was again given a "Corrective Action Form" by Mike Segura which stated she needed to "make sure to be at work on time and present for the next three months." On this occasion, Ms. Walker had called out and used one of her accrued sick days because she was not feeling well and the coronavirus pandemic was still rampant. She felt it best to stay home than go to work and potentially infect others. Walker prioritized her health and those of her coworkers by getting



OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

the appropriate rest, and prioritized the health of her colleagues as she minimized any exposure to them if she had contracted the virus.

32. Ms. Walker would often have to take time off work due to the stress, anxiety, or discomfort caused by the racially motivated hostility she was subject to.

**E. <u>The racism and hostility became overt</u>**

33. The initially more discrete, secretive conversations and racially hostile actions and omissions by coworkers, supervisors, and human resources personnel evolved into overt racist hostility in the workplace.

34. April 15, 2020 at approximately 6:00 pm, as Ms. Walker was working, she noticed that one of the shipping boxes was labeled "BLACK" "NEGRO" "BLACK", as pictured below:




OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

35. When Ms. Walker inquired about the writing on the box, she was told that a client wrote it because of the color of the label inside the box. But, this explanation was clearly pretextual because writing a label color on the outside of the box was not part of protocol and did not in any way assist with the performance of any of the DHL job duties at the warehouse.

**F. Ms. Walker was constructively discharged from her employment at DHL**

36. After enduring DHL's racially hostile work environment consisting of: (1) being singled out by her supervisor for harassment, (2) being subjected to unevenly distributed workloads, (3) seeing no action taken based on her complaints, and (4) enduring stress, discomfort and anxiety because of these abuses, Ms. Walker's last day of employment with DHL was on May 7, 2021.

37. On that day, she reasonably refused to tolerate DHL's hostile conduct anymore and had to quit. DHL constructively terminated her employment.

## VI. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION

### RACIAL DISCRIMINATION (Cal. Gov. Code § 12940, *et seq.*)

*Plaintiff v. all Defendants*

38. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

39. At all times mentioned herein, Defendants employed five or more persons, and Cal. Gov. Code §§12940, et seq., were in full force and effect and were binding on Defendants.

40. Section §12940(a) of the Code prohibits an employer from discriminating against an employee because of the employee's race / national origin.

41. Throughout her employment with DHL, Plaintiff was subjected to racial disparate treatment, and harassment by her supervisor and DHL employees, as alleged at ¶¶ 14 to 34 in this complaint.

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

42. Defendants knew or should have known about the discriminatory conduct towards Plaintiff as described herein, but did nothing to prevent it. Furthermore, in refusing to prevent or remedy the discrimination Plaintiff sustained, Defendants ratified and authorized the discrimination.

43. The unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

44. As a legal, direct, and proximate result of Defendants' conduct, as alleged herein, Plaintiff suffered and continues to suffer economic loss and damages, humiliation, embarrassment, and mental anguish, all to her damage, in an amount to be established by proof at trial.

45. Defendants' outrageous conduct, as described herein, was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants and each of them, according to proof at trial.

46. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Cal. Gov. Code section 12965(b).

**B. SECOND CAUSE OF ACTION**

**RACIAL HARASSMENT (Cal. Gov. Code § 12940(j))**

*Plaintiff v. all Defendants*

47. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

48. Defendants, at all times mentioned herein, were Plaintiff's employer within the meaning of Cal. Gov. Code § 12940.

49. Plaintiff was subjected to unwanted harassing conduct because of her race / national origin.

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

50. During her employment, Plaintiff's supervisor and DHL employees engaged in treatment and conduct that was both hostile and abusive because of Plaintiff's race / national origin as alleged at ¶¶ 14-34 in this complaint.

51. Defendants knew or should have known about the conduct of Plaintiff's co-workers and/or supervisors but failed to take immediate and appropriate corrective action. In refusing to prevent or remedy the harassment Plaintiff sustained, a managing agent at DHL ratified and or authorized the harassment.

52. The harassing conduct was severe and pervasive.

53. A reasonable employee in Plaintiff's circumstances would have considered the work environment to be hostile and abusive. Plaintiff considered the work environment to be hostile and abusive.

54. Defendants' racially harassing conduct was a substantial factor in, and the direct and proximate cause of, Plaintiff's injuries, in an amount that will be determined according to proof.

55. As a further direct and proximate cause of Defendant's conduct as described in this complaint, Plaintiff was damaged and deprived of the security, solace, and peace of mind for which she entered the employment relationship with DHL.

56. Defendants' foregoing outrageous conduct was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. Defendants, in refusing to prevent or remedy the hostile environment, ratified and authorized it. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants, and each of them, according to proof at trial.

57. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Cal. Gov. Code section 12965(b).

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

**C. THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT OR RETALIATION (Cal. Gov. Code § 12940(k))**

*Plaintiff v. all Defendants*

58. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

59. At all times mentioned herein, Defendants employed five or more persons, and Cal. Gov. Code §§12940, et seq., were in full force and effect and were binding on Defendants.

60. Defendants, at all times mentioned herein, were Plaintiff's employers within the meaning of Cal. Gov. Code §12940.

61. Plaintiff was subjected to harassment, discrimination, and retaliation over the course of her employment for Defendants.

62. Throughout her employment with DHL, Plaintiff was subjected to racial discrimination and harassment, as described herein, creating a hostile work environment. Furthermore, Plaintiff's reporting of the harassment and discrimination to DHL's human resources department was a substantial, motivating reason for Defendants' decision to give Plaintiff adverse performance reviews and effectuate Ms. Walker's constructive discharge.

63. Defendants failed to take any steps to prevent harassment, discrimination, and retaliation against Plaintiff. Plaintiff reported the harassment to Defendants, but Defendants failed to act to prevent the discrimination and harassment.

64. Defendants knew or should have known about the discriminatory and harassing conduct against Plaintiff but did not act promptly or with diligence to stop it. Furthermore, in allowing the conduct to continue against Plaintiff, after Plaintiff's reporting of the harassment and discrimination, Defendants ratified and authorized the harassment and discrimination.

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

65. Defendants' failure to take all reasonable steps to prevent harassment, discrimination, and retaliation was a substantial factor in causing damage and/or injury to Plaintiff.

66. As a legal, direct, and proximate result of Defendants' conduct, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in an amount to be established by proof at trial.

67. The outrageous conduct of DHL, as described here as being carried out or ratified by a managing agent, was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants and each of them, according to proof at trial.

68. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Gov. Code § 12965(b).

**D. <u>FOURTH CAUSE OF ACTION</u>**

**<u>RETALIATION (Cal. Gov. Code § 12940(h)</u>**

*Plaintiff v. all Defendants*

69. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

70. At all times mentioned herein, Defendants employed five or more persons, and Cal. Gov. Code §§12940, et seq., were in full force and effect and were binding on Defendants.

71. Defendants, at all times mentioned herein, were Plaintiff's employers within the meaning of Cal. Gov. Code §12940.

72. Plaintiff alleges upon information and belief, that the adverse employment actions taken against her, including but not limited to giving unfavorable performance reviews for taking time off work to process stress, discomfort, or anxiety, occurred in retaliation for Plaintiff having expressed concern to the human resources department as

OBAGI LAW GROUP, P.C. — ATTORNEYS AT LAW

described herein. Such actions are unlawful, discriminatory, and retaliatory in violation of California Gov. Code §12940, et seq.

73. The unlawful conduct as alleged above was a substantial factor in causing damage/and or injury to Plaintiff.

74. As a legal, direct, and proximate result of Defendants' conduct, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, humiliation, embarrassment, and mental anguish, all to her damage, in an amount to be established by proof at trial.

75. Defendants' foregoing outrageous conduct was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. Defendants, in refusing to prevent or remedy the hostile environment, ratified and authorized it. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants, and each of them, according to proof at trial.

76. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Cal. Gov. Code section 12965(b).

**E. <u>FIFTH CAUSE OF ACTION</u>**

**<u>RETALIATION FOR USE OF ACCRUED SICK LEAVE (LAB. CODE §§ 233, 234, 246.5, et seq.)</u>**

*Plaintiff v. DHL Express (USA), Inc*

77. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

78. At all times mentioned herein, Defendants employed five or more persons, and Cal. Lab. Code §§ 233, 234 and 246.5, et seq., were in full force and effect and were binding on Defendant.

79. Defendants, at all times mentioned herein, were Plaintiff's employers within the meaning of Cal. Lab. Code §§ 233, 234 and 246.5, et seq.

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

80. Pursuant to Cal. Lab. Code §§ 233 and 234, an employee can use accrued sick leave, and it is a per se violation to deny the time off or count the time against the employee.

81. Cal. Lab. Code § 233(c) provides: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

82. Cal. Lab. Code § 246.5(c) prohibits an employer from discharging, threatening to discharge, demoting, suspending, or discriminating against an employee for using accrued sick dates.

83. On April 16, 2021, Plaintiff received a "Corrective Action Form" from her supervisor Mike Segura, after she had called out on April 8, 2021 and used one of her accrued sick days because she was not feeling well at a time when the coronavirus pandemic was still rampant.

84. The unlawful conduct as alleged above was a substantial factor in causing damage/and or injury to Plaintiff.

85. As a legal, direct, and proximate result of Defendants' conduct, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, humiliation, embarrassment, and mental anguish, all to her damage, in an amount to be established by proof at trial.

86. Defendants' foregoing outrageous conduct was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants, and each of them, according to proof at trial.

87. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Cal. Gov. Code section 12965(b).

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

**F. <u>SIXTH CAUSE OF ACTION</u>**

**<u>WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY</u>**

**<u>(CAL. GOV. CODE § 12940 et seq.)</u>**

*Plaintiff v. all Defendants*

88. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

89. At all times mentioned herein, Defendants employed five or more persons, and Cal. Gov. Code §§12940, <u>et seq</u>., were in full force and effect and were binding on Defendants.

90. Defendants, at all times mentioned herein, were Plaintiff's employers within the meaning of Cal. Gov. Code §12940.

91. Defendant constructively terminated Ms. Walker's employment in violation of various fundamental public policies. Specifically, Plaintiff was constructively terminated because she made complaints to the human resources department as alleged herein regarding harassing and discriminating conduct directed toward her a co-worker, her supervisor and the disproportionately burdensome work assignments she received. These actions are unlawful an in violation of FEHA, the California Constitution, and California Labor Code §1102.5.

92. As a legal, direct, and proximate result of Defendants' conduct, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, humiliation, embarrassment, mental anguish, all to her damage, in an amount to be established by proof at trial.

93. The outrageous conduct of DHL eCommerce, as described here as being was done with malice, fraud, and/or oppression and with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive and/or exemplary damages from Defendants and each of them, according to proof at trial.

94. Plaintiff is further entitled to her attorney's fees and costs of suit pursuant to Gov. Code § 12965(b).

**G. <u>SEVENTH CAUSE OF ACTION</u>**

**<u>FAILURE TO PROVIDE PERSONNEL FILE (CAL. GOV. CODE §1198.5)</u>**

*Plaintiff v. DHL Express (USA), Inc*

95. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

96. Section 1198.5 of the Cal. Gov. Code requires an employer to furnish its employees with their personnel files within 30 days of demand. Ms. Walker demanded her personnel file, in writing, on April 30, 2021. In violation of Gov. Code § 1198.5, Defendant willfully did not furnish Plaintiff with her personnel file.

97. Pursuant to Gov. Code § 1198.5(k), Plaintiff is entitled to $750, and other relief the Court deems proper, including costs and attorneys' fees.

**H. <u>EIGHTH CAUSE OF ACTION</u>**

**<u>FAILURE TO PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENTS (LAB. CODE § 226 et seq.)</u>**

*Plaintiff v. DHL Express (USA), Inc.*

98. Plaintiff hereby realleges and incorporates all of the preceding allegations in this complaint, as though they were fully set forth here.

99. Under Section 226 of the Labor Code an employer shall afford current and former employees the right to inspect or receive a copy of payroll records pertaining to their employment within 21 days of demand, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

100. . Ms. Walker demanded her payroll file, in writing, on April 30, 2021. In violation of section 226 of the Labor Code, Defendant willfully did not furnish Plaintiff with her personnel file.

101. Pursuant to Labor Code § 226(f), Plaintiff is entitled to $750, and other relief the Court deems proper, including costs and attorneys' fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff KRYSTAL WALKER, prays that judgment be entered as follows:

1. For general, special, and incidental damages, according to proof at trial;
2. For exemplary damages according to proof at trial;
3. For statutory penalties and damages as applicable;
4. For statutory attorneys' fees herein incurred;
5. For an award of costs;
6. For an award of prejudgment interest on sums certain and lost wages;
7. For injunctive relief enjoining Defendants from engaging in discriminatory conduct against any other employee based on their age.
8. For such other relief as the Court may deem necessary, equitable, and appropriate.

Dated: July 8, 2021

OBAGI LAW GROUP, P.C.

By:________________________
Zein E. Obagi, Jr.
Hee J. Kim, Of Counsel
Yahir A. Barragan
Attorneys for Plaintiff,
KRYSTAL WALKER



OBAGI LAW GROUP, P.C.
ATTORNEYS AT LAW

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Zein E. Obagi, Jr. (SBN: 264139); Yahir A. Barragan (SBN: 332801)
Obagi Law Group, P.C.
811 Wilshire Boulevard | Suite 1721
Los Angles, CA 90017
TELEPHONE NO.: (424) 284-2401 FAX NO.: (424) 204-0719
ATTORNEY FOR (Name): PLAINTIFF KRYSTAL WALKER

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Walker v. DHL Express (USA), Inc., et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21STCV25112
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 8, 2021
Yahir A. Barragan
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2021 01:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV25112

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**07/15/21**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

DHL EXPRESS (USA), INC. dba DHL ECOMMERCE, a corporation; and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

KRYSTAL WALKER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* 21STCV25112

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Zein Obagi, Obagi Law Group, P.C., 811 Wilshire Blvd., Ste. 1721, Los Angeles, CA 90017. (424) 284-2401

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 07/08/2021 *(Fecha)* Clerk, by *(Secretario)* R. Perez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **DHL Express (USA) Inc**

   under:
   - ☐ CCP 416.10 (corporation)
   - ☐ CCP 416.20 (defunct corporation)
   - ☐ CCP 416.40 (association or partnership)
   - ☐ CCP 416.60 (minor)
   - ☐ CCP 416.70 (conservatee)
   - ☐ CCP 416.90 (authorized person)
   - ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: **07/15/21**

Page 1 of 1