UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6546-DMG (SHKx)** | Date | October 6, 2021 |
|---|---|---|---|

| Title | *Krystal Walker v. Global Mail, Inc.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:**   **IN CHAMBERS—ORDER RE DEFENDANT GLOBAL MAIL, INC'S MOTION TO STRIKE [18] AND PLAINTIFF'S MOTION TO REMAND [21]**

On July 8, 2021, Plaintiff Krystal Walker filed an action in Los Angeles County Superior Court against Defendant Global Mail, Inc. dba DHL eCommerce (incorrectly sued as DHL Express (USA), Inc. dba DHL eCommerce) ("DHL") and Does 1-50, alleging state law claims for racial discrimination, racial harassment, failure to prevent discrimination or harassment, and retaliation, among other claims. Not. of Removal ("NOR"), Ex. A (State Court Complaint) [Doc. # 1]. DHL filed a notice of removal on August 12, 2021, asserting subject matter jurisdiction based on the parties' diversity of citizenship. NOR at ¶ 6 [Doc. # 1].

On August 18, 2021, Walker filed her First Amended Complaint ("FAC"), adding her former supervisor, Mike Segura, as a defendant with respect to her claims for racial harassment and failure to prevent discrimination. FAC at ¶¶ 52-75 [Doc. # 11]. On September 8, 2021, Defendants moved to strike non-diverse defendant Segura. Motion to Strike ("MTS") [Doc. # 18]. On September 9, 2021, Walker moved to remand this action to state court for lack of subject matter jurisdiction, arguing the addition of Segura as a defendant destroys the diversity of the parties. Motion to Remand ("MTR") [Doc. # 21].

Both motions are fully briefed. [Doc. ## 24, 25, 28, 29.] For the reasons stated herein, the Court **DENIES** the MTS and, because the Court does not strike non-diverse defendant Segura, **GRANTS** the MTR.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Walker worked for DHL from October 16, 2020 through May 7, 2021. FAC at ¶¶ 12, 41. Walker is an African American woman, and asserts that during her time at DHL, she was subjected to racially motivated hostility and disparate treatment. *Id.* at ¶¶ 17-32.

---

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6546-DMG (SHKx)** | Date | October 6, 2021 |
|---|---|---|---|

| Title | ***Krystal Walker v. Global Mail, Inc.*** | Page | 2 of 5 |
|---|---|---|---|

     Walker's state court complaint included several allegations regarding Segura. She alleged that her supervisors, including Segura, tolerated a new colleague's "lack of work contribution" to Walker's detriment. State Court Complaint at ¶ 17. Walker said either Segura or another supervisor, Aaron, reprimanded Walker whenever she did something the supervisor perceived as unproductive, although it is unclear whether the supervisor to whom the complaint referred was Segura or Aaron. *Id*. She alleged Segura engaged in a conversation in which a colleague referred to Walker with a racial slur. *Id*. at ¶ 19. Walker alleged Segura had written retaliatory "Corrective Action Forms" regarding Walker's supposed tardiness and absence from work, issued only after Walker filed complaints with Human Resources about harassment by Segura and others. *Id*. at ¶¶ 30-31, 83. Finally, she alleged that Segura led a meeting about Walker's complaints of harassment, despite the fact that Segura was actually the subject of one of the complaints. *Id*. at ¶ 22.

     In her FAC, Walker makes minor changes that elaborate on her allegations against Segura. Walker identifies Segura as her "direct supervisor." FAC at ¶ 4. She says *both* Segura and her other supervisor, Aaron, reprimanded Walker when she did something they perceived as unproductive. *Id*. at ¶ 19. She alleges Segura "particularly" micromanaged her, more than he did other employees. *Id*. at ¶ 20. She also identifies Segura as an additional perpetrator as to one of the allegations in her state court complaint. In her state court complaint, Walker alleged that certain colleagues joked in Spanish in her presence, which made her feel excluded. State Court Compl. at ¶ 18. In her FAC, Walker alleges that Segura was one of those colleagues. FAC at ¶ 21. Finally, she alleges Segura did not stop other colleagues' racial hostility. FAC at ¶ 23.

     Walker's FAC adds Segura as a defendant as to her second cause of action, for harassment on the basis of race under California Government Code section 12940(j), and her third cause of action, for failure to prevent discrimination, harassment, or retaliation under Government Code section 12940(k).

**II.**
**LEGAL STANDARD**

     After a defendant removes a case to federal court, if "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e). *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 691 (9th Cir. 1998). When exercising that discretion, courts consider six factors:

---

UNITED STATES DISTRICT COURT       **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-6546-DMG (SHKx)** | Date | October 6, 2021 |

| | | | |
|---|---|---|---|
| Title | ***Krystal Walker v. Global Mail, Inc.*** | Page | 3 of 5 |

(1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)).

**III.**
**DISCUSSION**

**A.      Joinder is Necessary for Just Adjudication**

Federal Rule of Civil Procedure 19(a) requires joinder of any party whose "absence would preclude the grant of complete relief, or whose absence would impede [that party's] ability to protect [his] interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). In other words, "Rule 19(a) 'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" *EEOC. v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Advisory Committee's Note F.R.D. 89, 91 (1966))).

The parties generally agree that Walker does not allege Segura acted outside the scope of his employment, so Segura need not be added as a defendant for the Court to accord complete relief among the parties. Instead, Walker argues that Segura's absence would be inefficient, because it would force her to pursue a parallel case in state court, and that she cannot be afforded complete relief unless Segura is prevented from engaging in discrimination in other work environments.

Walker alleges Segura was one of the supervisors who subjected her to racial harassment, so it is unsurprising that she would want to name him in her complaint for racial harassment. And it would be inefficient to force Walker to file a "separate and redundant" action against Segura in state court in order to seek relief from him individually. *See IBC Aviation Servs.*, 125

UNITED STATES DISTRICT COURT          **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-6546-DMG (SHKx)** | Date | October 6, 2021 |

| | | | |
|---|---|---|---|
| Title | ***Krystal Walker v. Global Mail, Inc.*** | Page | 4 of 5 |

F. Supp. 2d at 1011-12 ("[R]equiring [a plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risk inconsistent results."). This factor weighs against striking Segura.

**B.      The Statute of Limitations Would Not Preclude a State Court Action**

Walker concedes that there is no statute of limitations preventing her from filing a separate state court action against Segura. This factor favors striking Segura.

**C.      There was No Unexplained Delay**

Walker filed her FAC six days after removal and fewer than six weeks after she filed her state court complaint, which is not an unreasonable delay. *See, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (reasoning that six weeks is "not an unreasonable amount of time" in which to seek joinder of a non-diverse party); *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (finding no unreasonable delay where plaintiff sought leave to add a non-diverse party five weeks after removal and ten weeks after filing the complaint). This factor weighs against striking Segura.

**D.      Joinder was Primarily Intended to Defeat Federal Jurisdiction**

This factor weighs most strongly in favor of striking Segura: Walker's counsel *concedes* that part of Plaintiff's motivation for joining Segura was to move the case back to state court. Second Obagi Decl. at ¶ 10 [Doc. # 26]. Walker's counsel also asserts that Segura was named as a defendant to prevent him from continuing his alleged discriminatory behavior if he changed jobs or switched divisions at DHL. *Id.* at ¶ 11. Finally, Walker's counsel states that Segura "could and should have been named in the original complaint," but points the finger at a junior associate for failing to name Segura. The supervising attorney states he did not notice that DHL was of diverse citizenship, implying that if he had noticed, Segura would have been named as a defendant in the state court complaint in order to prevent removal in the first place. First Obagi Decl. at ¶ 17 [Doc. # 22].

Thus, Walker names three motivations for joining Segura: defeating diversity, holding Segura personally accountable, and mistake (in not naming Segura to defeat diversity in the first instance). Two of these motivations are grounded in avoiding this Court's jurisdiction. Although these declarations indicate that Segura was not added *solely* to defeat diversity, this factor still favors striking Segura.

---

CV-90                         **CIVIL MINUTES—GENERAL**                  Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT       **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6546-DMG (SHKx)** | Date | October 6, 2021 |
|---|---|---|---|

| Title | ***Krystal Walker v. Global Mail, Inc.*** | Page | 5 of 5 |
|---|---|---|---|

**E.        Walker has a Valid Claim Against Segura**

The FAC adds Segura as an individual defendant as to two claims:  racial harassment pursuant to California Government Code section 12940(j) and failure to prevent discrimination, harassment, or retaliation pursuant to section 12940(k).  Walker concedes that her section 12940(k) claim against Segura, an individual defendant, is not valid.

A number of Walker's factual allegations of harassment during her time at DHL involve Segura.  *See* FAC at ¶¶ 19-23, 35-37.  Indeed, Segura's actions form much—though not all—of the basis for Walker's claims against DHL.  To the extent Walker has a claim against DHL, she also appears to have a claim against Segura.  This factor weighs against striking Segura.

**F.        Denial of Joinder Would Prejudice Walker**

Granting DHL's MTS would require Walker to either file a parallel proceeding in state court or forego her direct claims against Segura.  This factor weighs against striking Segura.

**IV.
CONCLUSION**

Having considered the section 1447(e) factors, the Court finds that the majority of the factors weigh against striking Segura.  Defendants' Motion to Strike is therefore **DENIED** and Plaintiff's Motion to Remand is **GRANTED**.  The case is hereby **REMANDED** to Los Angeles County Superior Court.  The October 8, 2021 hearing on these motions and the scheduling conference is **VACATED**.

**IT IS SO ORDERED**.

---